**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCO TEODORO ALVEZ,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-1419** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, PIKE COUNTY CORRECTIONAL CENTER, _et al._,** | : | |
| | : | |
| **Respondents.** | : | |
| | : | |

**<u>MEMORANDUM</u>**

Pending before the Court is Marco Teodoro Alvez's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, (**Doc. 1**), and "motion to supplement the record and for limited discovery concerning March 30, 2026 custody redetermination hearing," (**Doc. 4**). For the reasons stated herein, the petition will be **DENIED**, and the motion will be **DENIED AS MOOT**.

## I.    BACKGROUND

Petitioner is a citizen and native of Uruguay. (Doc. 3-2 at 1). On July 11, 2002, Petitioner entered the United States at the John F. Kennedy International Airport in New York. _Id._ at 2. Petitioner was admitted as a nonimmigrant visitor for pleasure for a temporary period not to exceed six

months. *Id.* at 2, (Doc. 3-3 at 1). Petitioner was not to remain in the United States beyond January 11, 2003, without further authorization. *Id.*

On April 25, 2024, Petitioner was arrested by the Nazareth Borough Police Department, Pennsylvania, for (1) terroristic threats with the intent to terrorize in violation of 18 Pa.C.S. §2706(a)(1); (2) simple assault in violation of 18 Pa.C.S. §2701(a)(3); (3) harassment – subject other to physical contact, in violation of 18 Pa.C.S. §2709(a)(1); and (4) disorderly conduct – engage in fighting, in violation of 18 Pa.C.S. §5503(a)(1). (Doc. 3-4 at 6-8, 12). Petitioner's criminal charges were resolved by his entry into the Accelerated Rehabilitative Disposition ("ARD") Program. *Id.* at 20-22.

On April 29, 2024, Pike Enforcement and Removal Operations ("ERO"), Allentown Homeland Security Investigations ("HSI"), and the Allentown Federal Bureau of Investigation ("FBI") encountered Petitioner as a result of his charges. (Doc. 3-2 at 3). The record is devoid of any additional details regarding that encounter.

On May 27, 2025, Pike ERO, Allentown HSI, and the Allentown FBI conducted an operation at Petitioner's address. (Doc. 3-2 at 1). Petitioner was detained after admitting that he entered the United States as a visitor in 2002. *Id.* The same day, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, charging him as removable

- 2 -

pursuant to the Immigration and Nationality Act ("INA") §237(a)(1)(B), as a nonimmigrant who remained in the United States for longer than permitted. (Doc. 3-3 at 1). Petitioner requested a custody determination hearing but withdrew his request on June 9, 2025. (Doc. 3-5).

On July 7, 2025, Petitioner was ordered removed by Immigration Judge David Cheng. (Doc. 3-6). On August 7, 2025, Petitioner appealed from Judge Cheng's determination. (Doc. 3-7). Subsequently, Petitioner filed an additional request for a custody determination but withdrew the request on March 23, 2026. (Doc. 3-8). Nonetheless on March 30, 2026, Immigration Judge Leo Finston held a bond hearing for Petitioner, and determined that he was a danger to others and a flight risk. (Doc. 3-9). Petitioner reserved his right to appeal. *Id.*

On May 25, 2026, Petitioner filed the instant petition. (Doc. 1). Respondents filed a response to the petition on June 9, 2026. (Doc. 3). Petitioner's period to file a reply to Respondents' response lapsed on June 23, 2026. M.D.Pa. L.R. 7.7. Nonetheless, on June 24, 2026, Petitioner filed a "motion to supplement the record and for limited discovery concerning March 30, 2026, custody redetermination hearing," arguing that he cannot effectively reply to Respondents' response without the requested discovery. (Doc. 4). Because the Court will hold that it does not have jurisdiction over

the petition, it will be denied, and Petitioner's motion will therefore be denied as moot.

## II.    DISCUSSION

Petitioner challenges the legality of his ongoing detention by contending that his bond hearing unconstitutionally required him to bear the burden of proving that he is not a flight risk. (Doc. 1, ¶¶18-19, ¶24). Upon review of the petition, the Court holds that Petitioner is asking it to review matters beyond the scope of its jurisdiction. Accordingly, the petition must be denied.

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3). However, the Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252.

The jurisdictional issue arises under §1252(b)(9). §1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). This statutory provision "strips the District

- 4 -

Court of jurisdiction" for certain legal challenges. *Zhumaev v. Oddo*, 3:26-CV-736, 2026 WL 1618488 at *2 (W.D.Pa. June 5, 2026) (quoting *Khalil* v. President, United States, 164 F.4th 259, 273 (3d Cir. 2026) (applying §1252(b)(9) to conclude that legal challenges to both removal and detention pending removal proceedings "arise from" that action or proceeding and are inextricably linked to it such that these challenges may be reviewed meaningfully on a petition for review).

Petitioner was detained pursuant to 8 U.S.C. §1226(a). (Doc. 3 at 2). §1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson*, 594 U.S. at 527, *supra*; *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under

§1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

Here, Petitioner was given a bond hearing in March of 2026. (Doc. 3-9). Petitioner was denied release after Judge Finston determined that he was a flight risk. *Id.* That determination is appealable to the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§1003.1(b)(7), 1003.19(f). The record is devoid of any evidence to suggest that Petitioner pursued such an appeal. Instead, Petitioner has filed the instant petition challenging the constitutionality of the burden of proof, and Judge Finston's application of that legal standard to the evidence presented at the hearing. (Doc. 1).

Because the petition seeks judicial review of questions of law and fact "inextricably linked to and arising from an action taken or proceeding brought to remove Petitioner from the United States, including the application of the Due Process Clause to the regulatorily established burden of proof applied by [Judge Finston] . . . at the bond hearing[,]" this Court is precluded from adjudicating such issues. *Zhumaev*, 2026 WL 1618488, at *2; 8 U.S.C. §1252(b)(9). Therefore, the petition must be denied.

Moreover, Petitioner's "motion to supplement the record and for limited discovery concerning March 30, 2026 custody redetermination hearing," (Doc. 4), seeks discovery related to questions of law and fact "inextricably

- 6 -

linked" to Petitioner's custody redetermination hearing. *Zhumaev*, 2026 WL 1618488, at \*2; 8 U.S.C. §1252(b)(9). Because this Court has no jurisdiction over such matters, as it has articulated for the underlying petition, it must deny the motion as moot.

## III.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, (**Doc. 1**), will be **DENIED**; and Petitioner's "motion to supplement the record and for limited discovery concerning March 30, 2026 custody redetermination hearing," (**Doc. 4**), will be **DENIED AS MOOT**. An appropriate order shall follow.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 14, 2026**
26-1419-01